# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOUMA INDUSTRIES, LLC | * | |
| OF GEORGIA | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | |
| DOS RAVEN TANKSHIPS, LLC, | * | SECTION: |
| KEET SEEL TANKSHIPS, LLC, | * | |
| FIRST MESA TANKSHIPS, LLC, and | * | |
| AHL SHIPPING COMPANY | * | |
| | * | DIVISION: |

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

COMES NOW Plaintiff, Houma Industries, LLC of Georgia ("Houma Industries"), and files this Complaint for Damages and Declaratory Judgment against the Defendants, Dos Raven Tankships, LLC ("Dos Raven"), Keet Seel Tankships, LCC, ("Keet Seel"), First Mesa Tankships, LLC, ("First Mesa"), and AHL Shipping Company ("AHL Shipping") and asserts the following:

I.

Houma Industries is a Georgia limited liability company that is based in Louisiana. The sole member of Houma Industries is LOR, Inc, a Georgia corporation. Houma Industries is engaged in the business of marine fabrication and construction. All

of its offices, officers, and operations are domiciled at 1725 Destrehan Avenue in Harvey, Louisiana, the location of its yard where all of its operations, including those involved in this dispute, were and are conducted.

## II.

Defendant Dos Raven is a Delaware limited liability company that is based in Texas.  Upon information and belief, its sole member is AHL Shipping, a Delaware corporation.  Dos Raven is not admitted to do business in Louisiana and has no agent designated for service of process in the State of Louisiana.

## III.

Dos Raven has conducted and is conducting business in the State of Louisiana, including but not limited to hiring Houma Industries to construct a Power Module in Louisiana at a cost in excess of $12,000,000; filing UCC financing Statements to purportedly create a security interest in the materials, inventory and work performed by Houma Industries in Louisiana, and by maintaining an office at 110 James Drive West, Suite 100, St. Rose, Louisiana for purposes of managing the construction of the power module and other components built in Louisiana intended for use or integration into a U.S. Flag vessel designated as Hull No. 103.

## IV.

Defendant Keet Seel is a Delaware limited liability company that is based in Texas.  Upon information and belief, its sole member is AHL Shipping, a Delaware corporation.  Keet Seel is not admitted to do business in Louisiana and has no agent designated for service of process in the State of Louisiana.

V.

Keet Seel has conducted and is conducting business in the State of Louisiana, including but not limited to hiring Houma Industries to construct a Power Module in Louisiana at a cost in excess of $7,000,000; filing UCC financing Statements to purportedly create a security interest in the materials, inventory and work performed by Houma Industries in Louisiana, and by maintaining an office at 110 James Drive West, Suite 100, St. Rose, Louisiana for purposes of managing the construction of the power module and other components built in Louisiana intended for use or integration into a U.S. Flag vessel designated as Hull No. 104.

VI.

Defendant First Mesa is a Delaware limited liability company that is based in Texas. Upon information and belief, its sole member is AHL Shipping, a Delaware corporation. First Mesa is not admitted to do business in Louisiana and has no agent designated for service of process in the State of Louisiana.

VII.

First Mesa has conducted and is conducting business in the State of Louisiana, including but not limited to hiring Houma Industries to construct a Power Module in Louisiana at a cost in excess of $3,000,000; filing UCC financing Statements to purportedly create a security interest in the materials, inventory and work performed by Houma Industries in Louisiana, and by maintaining an office at 110 James Drive West, Suite 100, St. Rose, Louisiana for purposes of managing the construction of the power

3

module and other components built in Louisiana intended for use or integration into a U.S. Flag vessel designated as Hull No. 105.

## VIII.

AHL Shipping is a Delaware corporation with its principal place of business in San Antonio, Texas. It is admitted to do business in Louisiana and has designated Pivach & Pivach, 8311 Highway 23, Suite 104, Belle Chasse, Louisiana, as its registered agent for service of process.

## IX.

This Honorable Court has subject matter jurisdiction pursuant to 28 USC Section 1332 because the dispute involves a controversy between citizens of different states and the amount in dispute exceeds $75,000.

## X.

Venue is proper in this Honorable Court because the amount Houma Industries contends is due from each of the defendants pertains to work performed in this district. Additionally, the Keet Seel and First Mesa Power Modules and other materials over which Houma Industries are claiming lien rights and/or security interests are currently located in Houma Industries yard in Harvey, Louisiana.

## XI.

### **The AHL Shipping Project**

AHL Shipping is a company engaged in the business of owning and operating chemical/product tankers. AHL Shipping commissioned the construction of three U.S. Flag chemical/product tankers whereby each entity, Dos Raven, Keet Seel and First

Mesa, would own and operate a vessel, Hull Nos. 103, 104 and 105 respectively, for use by Shell Trading (U.S.) Company under a long-term charter agreement negotiated by AHL Shipping.

XII.

Upon information and belief, AHL Shipping is the sole or predominate member of Dos Raven Tankships, LLC, Keet Seel Tankships, LLC, and First Mesa Tankships, LLC, the limited liability companies serving as the nominal vessel owners of Hull Nos. 103, 104 and 105.

XIII.

The construction of each of the vessels was financed by Royal Bank of Scotland through negotiations controlled by AHL Shipping. None of the nominal vessel entities, Dos Raven, Keet Seel and/or First Mesa, had or have any material assets of their own but were created solely for the purpose of serving as an owner for each vessel.

**Dos Raven**

XIV.

On or about October 29, 2008, Houma Industries and Dos Raven entered into an agreement whereby Houma Industries agreed to fabricate, build and/or construct a Power Module for a vessel designated as Hull No. 103.

XV.

The work and services was to be performed by Houma Industries in its yard in Harvey Louisiana.

5

## XVI.

Houma Industries built the Power Module for Dos Raven and tendered it for delivery on May 8, 2009.

## XVII.

Dos Raven accepted delivery of the Power Module on May 8, 2009.

## XVIII.

Houma Industries timely submitted proper invoices to Dos Raven seeking payment of the amounts due.

## XIX.

Despite performing the work in a workman-like manner, meeting or exceeding all specifications required and submitting timely and proper invoices, Dos Raven has not paid Houma Industries the full amount due for work completed under the contract and owes Houma Industries the sum of $2,610,737.21, all other amounts that continue to be collected and tabulated from vendor's invoices and for work performed until the project was stopped, plus interest, and for the work performed at Dos Raven's request prior to the contract.

## XX.

Houma Industries advised Dos Raven in writing on June 22, 2209, July 9, 2009, July 23, 2009 and November 6, 2009 that payment was due and that the failure to pay these amounts constituted default.

## XXI.

Dos Raven has not paid these amounts to Houma Industries.

XXII.

## **The Keet Seel Vessel**

On or about October 29, 2008, Houma Industries and Keet Seel entered into an agreement whereby Houma Industries agreed to fabricate, build and/or construct a Power Module for a vessel designated as Hull No. 104.

XXIII.

The work and services was to be performed by Houma Industries in its yard in Harvey Louisiana.

XXIV.

Houma Industries has performed substantial work in constructing the Power Module for Keet Seel. The work in progress is currently located in Houma Industries yard in Harvey where it is occupying yard space and resources.

XXV.

Houma Industries timely submitted proper invoices to Keet Seel seeking payment of the amounts due.

XXVI.

Despite performing the work in a workman-like manner, meeting or exceeding all specifications required and submitting timely and proper invoices, Keet Seel has not paid Houma Industries the full amount due for work completed under the contract and owes Houma Industries the sum of $1,062,666.70, all other amounts that continue to be collected and tabulated from vendor's invoices and for work performed until the project was stopped, plus interest.

XXVII.

Houma Industries advised Keet Seel in writing on November 23, 2009 that payment was due and that the failure to pay these amounts constituted default.

XXVIII.

Keet Seel has not paid these amounts to Houma Industries.

### The First Mesa Vessel

XXIX.

On or about October 29, 2008, Houma Industries and First Mesa entered into an agreement whereby Houma Industries agreed to fabricate, build and/or construct a Power Module for a vessel designated as Hull No. 105.

XXX.

The work and services was to be performed by Houma Industries in its yard in Harvey Louisiana.

XXXI.

Houma Industries has performed substantial work in constructing the Power Module for First Mesa.

XXXII.

Houma Industries timely submitted proper invoices to First Mesa seeking payment of the amounts due.

XXXIII.

Despite performing the work in a workman-like manner, meeting or exceeding all specifications required and submitting timely and proper invoices, First Mesa has not

paid Houma Industries the full amount due for work completed under the contract and owes Houma Industries the sum of $556,556.97, all other amounts that continue to be collected and tabulated from vendor's invoices and for work performed until the project was stopped, plus interest.

XXXIV.

First Mesa has not paid these amounts to Houma Industries.

XXXV.

On November 9, 2009, Alan Nierenberg, as representative of Dos Raven, Keet Seel and First Mesa, sent an email to Houma Industries advising that Dos Raven, Keet Seel and First Mesa are unable to assure that further payments or that the projects would be completed.

XXXVI.

On November 18, 2009, Alan Nierenberg, as representative of Dos Raven, Keet Seel and First Mesa, sent a second email to Houma Industries advising that funding for the project was suspended on November 13, 2009, that the Dos Raven, Keet Seel and First Mesa would be unable to process any further payments, and that the project will not be able to proceed further at this time.

XXXVII.

Pursuant to those communications, Houma Industries ceased all active work on the Keet Seel and First Mesa projects.

### XXXVIII.

On November 23, 2009, Houma Industries advised Dos Raven, Keet Seel and First Mesa, as well as other parties to whom notice was to be provided, in writing, that in light of the admission that each entity was unable to pays its debts, each entity was therefore in default under the terms of the contract and that all sums, including holdback or retention portions, were due immediately.

### XXXIX.

On November 23, 2009, Houma Industries also advised Dos Raven, Keet Seel and First Mesa, as well as other parties to whom notice was to be provided, in writing, that the Keet Seel Power Module, Keet Seel equipment, First Mesa equipment, and other various materials, were currently being stored at the Houma Industries yard in Harvey, Louisiana and required daily maintenance, including a power supply. These entities were advised that given the cessation of the projects, separate financial arrangements would have to be made in advance to cover the cost of the daily maintenance and storage, or that all efforts to preserve and protect the equipment and materials would cease for lack of payment.

### XL.

Dos Raven, Keet Seel and First Mesa have refused to pay Houma Industries the reasonable costs of storage and daily maintenance.

## CAUSES OF ACTION

### Breach of Contract

### XLI.

Dos Raven, Keet Seel and First Mesa each entered into a contract with a company based in Louisiana for the performance of construction services that were performed in the State of Louisiana. Therefore, pursuant to La. R.S. 9:2779, Louisiana law applies to the contract, notwithstanding any choice of law or venue provisions to the contrary.

### XLII.

Dos Raven, Keet Seel and First Mesa each separately breached their respective contract with Houma Industries by failing to timely pay Houma Industries pursuant to the terms and conditions of the contracts.

### XLIII.

When Dos Raven, Keet Seel and First Mesa provided notice that the Owners could not proceed with any further payments and that project was suspended, said action constituted an Event of Default pursuant to Article 23.4 of each respective contract.

### XLIV.

The Event of Default by Dos Raven, Keet Seel and First Mesa constitutes a breach of each of their respective contracts with Houma Industries.

### XLV.

Pursuant to the contract, and as additionally provided by law, Houma Industries is entitled to recover its attorney's fees and costs in connection with the filing of this action against Dos Raven, Keet Seel and First Mesa.

XLVI.

The breach of contract by Dos Raven, Keet Seel and First Mesa was in bad faith because it acted to deprive Houma Industries of its compensation based on frivolous and unsupported grounds presented as a basis for delay, all of which were factually unsupported and contrary of the express provisions of the contract.  The breach of contract was also in bad faith because the purported reason for stopping the project and all payments were based on actions that occurred well after the amounts due had been submitted for payment and had Dos Raven, Keet Seel and First Mesa been properly capitalized and operated companies, the suspension by, or threatened lack of future participation by the Charterers would not create a reasonable basis for Dos Raven, Keet Seel and First Mesa to honor their separate contractual obligations and would not justify the failure to pay past due obligations knowingly and voluntarily incurred by each of them.

XLVII.

As a result of the breach of contract by Dos Raven, Keet Seel and First Mesa, Houma Industries is entitled to payment of all amounts due under the contract, including the holdback or retainer, attorney's fees and costs, loss of profit and all other damages sustained by Houma Industries as a result of the breach of each contract.

XLVIII.

As a result of the bad faith breach of each contract, Houma Industries is entitled to all damages allowed by law for bad faith conduct, including but not limited to unforeseeable damages and all other damages allowed by law for bad faith.

**Open Account**

XLIX.

Dos Raven, Keet Seel and First Mesa advised Houma Industries on November 9, 2009, that all work under the project was suspended and that no further payments for that work would be issued. Houma Industries subsequently advised Keet Seel and First Mesa that despite the cessation of work, storage and maintenance expenses were being incurred for the Keet Seel and First Mesa module components, equipment and materials. Houma Industries advised that the storage and maintenance activities would also cease unless advance monthly payments were tendered in the amount of $250 per day for the Keet Seel maintenance costs, $250 per day for the Keet Seel storage costs, $250 per day for the First Mesa maintenance costs, and $250 per day for the First Mesa storage costs. The costs continue to be incurred.

L.

Despite written notice advising it of the amount due, Keet Seel has failed to pay those costs. Pursuant to La. R.S. 9:2781, Keet Seel is therefore liable to Houma Industries for the total amount due for storage and maintenance, plus attorney's fees and costs.

Ll.

Despite written notice advising it of the amount due, First Mesa has failed to pay those costs. Pursuant to La. R.S. 9:2781, First Mesa is therefore liable to Houma Industries for the total amount due for storage and maintenance, plus attorney's fees and costs.

13

## Declaratory Judgment

### LII.

Dos Raven, Keet Seel and First Mesa each breached their respective contract with Houma Industries and pursuant to 28 USC Section 2201, et seq., Houma Industries is entitled to a declaratory judgment that each contract is terminated.

### LIII.

Because each contract is terminated due to the breaches by Dos Raven, Keet Seel and First Mesa, pursuant to 28 USC Section 2201, et seq., Houma Industries is entitled to a declaratory judgment that any amounts held in retention are due and payable immediately, without any delay for the lapse of a warranty period.

### LIV.

The project was unilaterally suspended by Keet Seel and First Mesa. Pursuant to 28 USC Section 2201, et seq., Houma Industries is entitled to a declaratory judgment that it has no further obligation to protect and preserve any module components, equipment, materials.

### LV.

To the extent that Houma Industries incurred any expenses and costs for the maintenance and storage of power module components, equipment and materials, it is entitled to a declaratory judgment that the actions it undertook in preserving and protecting property after the unilateral cessation of the project by Defendants was reasonable and, as a matter of law, any and all such storage and maintenance expenses

incurred after the notice of suspension were incurred in good faith and are therefore owed to Houma Industries.

### LVI.

Pursuant to Article 25.4 of the contract, Houma Industries retained all remedies in law or equity upon the occurrence of an Event of Default by Dos Raven, Keet Seel and First Mesa. Therefore, pursuant to 28 USC Section 2201, et seq., Houma Industries is entitled to declaratory judgment recognizing any and all rights, liens and privileges allowed by law, collectively or alternatively, against the property of Dos Raven, Keet Seel and First Mesa, including but not limited to:

a) The privilege provided under Civil Code Article 3237 for the construction and materials furnished for the Dos Raven, Keet Seel and First Mesa projects;

b) The privilege provided under Civil Code Article 3227 for non-payment of movables;

c) The privilege provided under La. R.S. 9:4502 for making movable goods;

d) The privilege for the debt due for preserving and storing the Keet Seel and First Mesa module components, equipments and materials; and

e) The right to sequester, seize, liquidate and/or sell the materials over which a lien exists in order to satisfy the obligations owed to Houma Industries.

### Claim against AHL Shipping

### LVII.

Upon information and belief, AHL Shipping made all decisions for Dos Raven, Keet Seel and First Mesa such that it exercised total domination over those entities,

15

creating a unity of interest between AHL Shipping, Dos Raven, Keet Seel and First Mesa, (the "Vessel Entities") to the extent that the corporate formalities of those entities ceased to exist.

LVIII.

Upon information and belief, further evidence of the lack of separateness between AHL Shipping and the Vessel Entities is supported by the fact that: all financing for the three projects was obtained by the same entities using the same credit facility; the same project manager was retained to supervise and direct all construction; the Vessel Entities share the same members, registered agents and representatives; and, when the Charterers, who were not the financiers of the project, announced that they would not further finance the projects, all three projects were simultaneously suspended and neither Dos Raven, Keet Seel, nor First Mesa were sufficiently capitalized so as to be able to independently satisfy past debts that arose out of actions purportedly conducted under their respective names. Houma Industries reasonably anticipates that there is other evidence of AHL Shipping acting as the alter ego of each Vessel Entity.

LIX.

AHL Shipping acted as the alter ego of the Vessel Entities and is therefore liable for the obligations that each of the Vessel Entities owe to Houma Industries as set forth herein.

LX.

The allegations asserted against Dos Raven, Keet Seel and First Mesa in this Complaint are adopted as if copied in this paragraph and are plead against AHL Shipping

16

on the grounds that as the alter ego of each of the Vessel Entities, it is liable for the damages asserted herein.

LXI.

The defendants are liable for all damages herein jointly, severally and *in solido*.

WHEREFORE, after due proceedings, Houma Industries prays that there be judgment in its favor and against Dos Raven, Keet Seel, First Mesa and AHL Shipping for the damages and declaratory relief prayed for herein, and for all other general and equitable relief to which Houma Industries is entitled by law.

**RESPECTFULLY SUBMITTED:**

**/s/ WM. DANIEL WELLONS**
**WM. DANIEL WELLONS, T.A. (Bar No. 18498)**
**JEDD S. MALISH (Bar. No. 23846)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre – 22nd Floor
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   (504)569-2900
Facsimile:   (504)569-2099
Email: dwellons@bhbmlaw.com
**COUNSEL FOR PLAINTIFF,**
**HOUMA INDUSTRIES, LLC OF GEORGIA**
(B0331546.1)

**/s/ PAUL J. POLITZ**
**PAUL J. POLITZ (Bar No. 19741)**
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone:   (504) 525-9888
Facsimile:   (504) 525-9899
Email: ppolitz@twpdlaw.com
**COUNSEL FOR PLAINTIFF,**
**HOUMA INDUSTRIES, LLC OF GEORGIA**